IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAMERON LEE WILLIAMS, # 790578,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 22-0453-JB-MU

MOBILE COUNTY DISTRICT COURT,  :

    Defendant.  :

## REPORT AND RECOMMENDATION

Plaintiff, a Mobile County Metro Jail inmate proceeding *pro se*, filed this § 1983 action, which *w*as referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

The Court received Plaintiff's § 1983 complaint with a self-styled Motion to Proceed Without Prepayment of Fees. (Doc. 2, PageID.10). The Court ordered Plaintiff to file his motion on the Court's form for a motion to proceed without prepayment of fees by January 27, 2023. (Doc. 3 at 1, PageID.14). The Court warned Plaintiff that failure to comply with the Court's order within the required time would result in the dismissal of this action.  (*Id*.). The order and the Court's form were sent to Plaintiff and have not been returned to the Court by postal officials. To date, Plaintiff has not filed a completed form for a motion to proceed without prepayment of fees as ordered.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte*

for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.,* 715 F. App'x 912, 915 (11th Cir. 2017)[1] (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Plaintiff's willful conduct. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989)(dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied,* 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y, Dep't of Children & Families,* 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (2005).

amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 23rd day of February, 2023.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**